UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-96-CBG |
| ) | |
| JOSEPH ALLEN HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Now before the Court is Defendant Joseph Allen Hernandez's Motion in Limine to Exclude Statements (Doc. No. 36). The Government has responded (Doc. No. 51).

*I.   Background*

Defendant has been charged in a three-count Indictment with: (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, for the killing of Audrey Hernandez by fire; (2) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, for the killing of Francis Darlene Wright by fire; and (3) Arson in Indian Country, in violation of 18 U.S.C. §§ 81, 1151, and 1153. *See* Indictment (Doc. No. 15). The case is set for trial on the Court's November 2021 docket.

The parties do not dispute the basic background facts regarding the relevant statements or the statements' contents. At 12:49 p.m. on June 5, 2019, emergency responders were dispatched to a fire at a mobile home in Marble City, Oklahoma. Ms. Hernandez, Defendant's mother, and Ms. Wright, Defendant's grandmother, were found at the scene and were badly burned. Defendant incurred less serious burns in the fire.

Both Ms. Hernandez and Ms. Wright made statements at the scene to the effect that

it was Defendant who had caused their injuries, by pouring gasoline over the women's bodies and lighting them on fire. The women were transported for medical treatment, but they both ultimately died as a result of their injuries. Ms. Hernandez died the next day, June 6, 2019, and Ms. Wright two days after that, on June 8, 2019. *See* Gov't's Resp. at 2-3.

The Government expects to call six witnesses at trial who will testify regarding the victims' statements: police officer Galen Irvin; paramedic Nathan Williams; AEMT Wesley Durham; emergency responder Christopher Cloud; emergency responder Joseph Brunk; and the victims' neighbor Kevin Lee Locust. *See id.* at 3-5. Each of these witnesses would testify as to statements made by Ms. Hernandez and/or Ms. Wright "within one hour of having been set on fire." *Id.* at 5.

II.   Defendant's Motion

A. *The Excited-Utterance Exception*

Defendant argues that offering the disputed statements as evidence to prove their truth is precluded by the rule against hearsay in Federal Rules of Evidence 801 and 802. The Government responds that each statement discussed above is admissible as an "Excited Utterance" under Federal Rule of Evidence 803(2), which excepts from the rule against hearsay "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *See* Fed. R. Evid. 803(2).

The excited-utterance exception "proceeds on the theory that circumstances may produce a condition of excitement which temporarily stills the capacity for reflection and produces utterances free of conscious fabrication." *United States v. Magnan*, 863 F.3d 1284, 1292 (10th Cir. 2017) (internal quotation marks omitted). "Whether the excited

2

utterance exception to the rule against hearsay applies under the particular circumstances of a case is an inquiry committed to the sound discretion of the district court." *Id*. The "exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event." *United States v. Pursley*, 577 F.3d 1204, 1220 (10th Cir. 2009). As explained by the Tenth Circuit:

> Courts consider a range of factors in determining whether a declarant made a statement while under the stress of a particular event. Among the more relevant factors are: the amount of time between the event and the statement; the nature of the event; the subject matter of the statement; the age and condition of the declarant; the presence or absence of self-interest; and whether the statement was volunteered or in response to questioning. We have recognized that there is no precise amount of time between the event and the statement beyond which the statement cannot qualify as an excited utterance.

*Id.* at 1220-21 (citation and internal quotation marks omitted).

Considering the requirements and applying these factors, the Court finds that all of Ms. Hernandez's and Ms. Wright's challenged statements were made "while under the stress of a particular event"—i.e., mere moments after being set afire and thereby subjected to acute, ultimately fatal, bodily injury. *Id.* at 1220; *see United States v. Smith*, 606 F.3d 1270, 1279-80 (10th Cir. 2010) (upholding admission of a challenged statement that was made by the victim "[a]t the first possible moment to disclose the assault to another person"). The statements were made while the women were "languishing under the event's agitation" and "well within the temporal range of trauma contemplated by Rule 803(2)." *Pursley*, 577 F.3d at 1221. Further, there is a clear nexus between the content of the statements and the event itself. *See* discussion *supra*; *Pursley*, 577 F.3d at 1220.

Defendant does not specifically dispute the applicability of this hearsay exception as to most of the statements, but he does argue that the statements made by both women to Officer Irvin should not be considered excited utterances because they were elicited by the officer's questioning and therefore lacked spontaneity. *See* Def.'s Mot. at 6; *see also* Gov't's Resp. at 3 (stating that Officer Irvin asked each victim "what had happened" and "why").[1] As explained by the Tenth Circuit, however, "if the declarant's excitement level is severe, then even statements made in response to questioning may be admitted." *Magnan*, 863 F.3d at 1293 (alteration and internal quotation marks omitted); *see also Webb v. Lane*, 922 F.2d 390, 394 (7th Cir. 1991) ("The tremendous shock and stress caused by the shooting and Griffis' subsequent pain may well have postponed his opportunity to reflect."). The fact that the statements were made in response to the officer's questioning "did not necessarily destroy the excited nature of the victim[s'] responses." *Bradford v. Timmerman-Cooper*, No. 5:07-CV-01915, 2008 WL 3992142, at *7 (N.D. Ohio Aug. 25, 2008); *see also Magnan*, 863 F.3d at 1294 ("[A] general question seeking the reaction of the speaker for what he had just experienced does not by itself go far to displace the reactive force of a stimulus that has a great impact on the speaker." (internal quotation marks omitted)); *Webb*, 922 F.2d at 394 ("At the time Griffis made the statements he was lying on an emergency room gurney severely injured and under the stress of the attack. Thus, the fact that the statements were made in response to Magliano's questions, although relevant, did not destroy the[] statements' spontaneity.").

---

[1] The Court herein does not determine in full the issue of admissibility regarding the women's answers to "why," as Defendant has filed a separate motion addressing statements regarding the assailant's possible motive. *See* Doc. No. 64.

Accordingly, the Court finds that the statements identified in Defendant's Motion and the Government's Response are not excluded by the rule against hearsay, as they are "statement[s] relating to a startling event" made while Ms. Hernandez and Ms. Wright "w[ere] under the stress of excitement" caused by that startling event. Fed. R. Evid. 803(2).

### B. The Dying Declaration Exception

The Government additionally argues that the statements are admissible under Federal Rule of Evidence 804(b)(2), which prescribes that the following is not excluded by the rule against hearsay "if the declarant is unavailable as a witness":

> **Statement Under the Belief of Imminent Death.** In a prosecution for homicide or in a civil case, a statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances.

Fed. R. Evid. 804(b), (b)(2); *see also id.* R. 804(a)(4) (stating that a declarant is considered to be unavailable as a witness if the declarant "cannot be present . . . because of death").

Defendant does not dispute that the charges at issue allow application of this provision, but he suggests that the victims' statements do not qualify as dying declarations because the facts do not support a finding that they believed their death to be "imminent." *See* Def.'s Mot. at 4.

The Court disagrees, based on the present record. "A declarant's serious injuries can support an inference that [she] believed death was imminent" if "the nature and extent of the injuries" are "so severe that obviously the declarant must have felt or known that [she] could not survive." *United States v. Two Shields*, 497 F.3d 789, 793 (8th Cir. 2007) (alteration, omission, and internal quotation marks omitted); *accord United States v. Mobley*, 421 F.2d 345, 347 (5th Cir. 1970). It is indisputable that both women were grievously injured, with Ms. Hernandez "screaming" in pain as her "skin came off" and

5

Ms. Wright suffering "second degree burns to 70% of her body." Gov't's Resp. at 3-5. In sum, the injuries here were so severe and obvious that it would have been plain to the victims that they were dying. As such, even without considering the content of the statements—some of which alluded to Ms. Hernandez' belief that she was going to die—and, even further ignoring Officer Irvin's proposed testimony of his belief at the scene that Ms. Hernandez would not survive—the facts reasonably reflect that the two women were "conscious of impending death and . . . under the belief that there [was] no chance of recovery." *Leyba v. City of Santa Fe*, No. CV-16-185, 2017 WL 4534839, at *3 (D.N.M. Feb. 8, 2017) (citing *Two Shields*, 497 F.3d at 793; *United States v. Lawrence*, 349 F.3d 109, 116 (3d Cir. 2003)); *see* Gov't's Resp. at 3-4.

The Court therefore finds that the relevant statements are not excluded by the rule against hearsay because the declarants are unavailable as witnesses and the statements were made about the cause or circumstances of the declarants' death while the declarants were under the belief of impending death. *See* Fed. R. Evid. 804(a)(4), (b)(2).

### C. The Confrontation Clause

Defendant additionally argues that admission of these statements will deprive Defendant of his right to confrontation under the Sixth Amendment. *See* Def.'s Mot. at 6-8 (citing U.S. Const. amend. VI).

As set forth by the Supreme Court, the Sixth Amendment right to confrontation bars the "admission of testimonial statements of a witness who did not appear at trial" except in certain circumstances. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004); *see also Pursley*, 577 F.3d at 1223 (noting that admission of excited utterances can be found to violate the Confrontation Clause "if they are testimonial"). In *Davis v. Washington*, the

Supreme Court elaborated on the distinction drawn in *Crawford* between testimonial and nontestimonial statements:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. 813, 822 (2006) (holding that a victim's 911 call describing an ongoing domestic incident was not testimonial). The Supreme Court "thus made clear in *Davis* that not all those questioned by the police are witnesses and not all interrogations by law enforcement officers are subject to the Confrontation Clause." *Michigan v. Bryant*, 562 U.S. 344, 355 (2011) (citation and internal quotation marks omitted).

In this matter, the challenged statements—including those made to Officer Irvin—were made in the midst of an "ongoing emergency": a fire at a trailer house that had injured three people. *Davis*, 547 U.S. at 822. The facts and circumstances of Officer Irvin's questions, which were brief and general, indicate a primary purpose of responding to that emergency and not to establish Defendant's role in causing it. These statements therefore were nontestimonial in nature, and their admission is not prohibited by the Confrontation Clause. *See id.*

Moreover, "the weight of post-*Crawford* authority has read that decision as recognizing a dying declaration exception to the Confrontation Clause." *United States v. Jordan*, No. 04-cr-00229, 2014 WL 1796698, at *2 (D. Colo. May 6, 2014) (reversing a prior ruling of inadmissibility in light of "the present state of the law" and citing authority for the proposition that courts are "reading *Crawford* with 'near anonymity' as creating"

7

this exception (internal quotation marks omitted)); *see also Giles v. California*, 554 U.S. 353, 358-59 (2008) (noting the dying declaration as a "historic exception" to the Confrontation Clause guarantee); *cf. Woods v. Cook*, 960 F.3d 295, 300 (6th Cir. 2020) (holding that state court's reliance on the dying declaration exception to the Confrontation Clause was not contrary to clearly established federal law under 28 U.S.C. § 2254(d)(1)). It follows that, to any extent the statements of Ms. Hernandez and Ms. Wright could be viewed as testimonial in nature, their admission is nonetheless not barred by the Confrontation Clause due to their characterization as dying declarations under Rule 804(b)(2).

## CONCLUSION

For the reasons outlined above, Defendant's Motion in Limine to Exclude Statements (Doc. No. 36) is DENIED.

IT IS SO ORDERED this 12th day of November, 2021.

_____
CHARLES B. GOODWIN
United States District Judge