# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-21-96-CBG |
| | ) | |
| JOSEPH ALLEN HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant Joseph Allen Hernandez's Motion in Limine Regarding Speculation as to Motive (Doc. No. 64).  The Government has responded (Doc. No. 71), and the Court heard argument from counsel at the hearing of November 12, 2021.

### I.    Background

Defendant has been charged in a three-count Indictment with: (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, for the killing of Audrey Hernandez by fire; (2) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, for the killing of Francis Darlene Wright by fire; and (3) Arson in Indian Country, in violation of 18 U.S.C. §§ 81, 1151, and 1153.  *See* Indictment (Doc. No. 15). The case is set for trial on the Court's November 2021 docket.

The parties do not dispute the basic background facts regarding the relevant statements or the statements' contents.  At 12:49 p.m. on June 5, 2019, emergency responders were dispatched to a fire at a mobile home in Marble City, Oklahoma.  Ms. Hernandez, Defendant's mother, and Ms. Wright, Defendant's grandmother, were found at the scene and were badly burned.  Defendant incurred less serious burns in the fire.

Both Ms. Hernandez and Ms. Wright made statements at the scene to the effect that it was Defendant who had caused their injuries, by pouring or throwing gasoline over the women's bodies and lighting them on fire. The women were transported for medical treatment, but they both ultimately died as a result of their injuries. Ms. Hernandez died the next day, June 6, 2019, and Ms. Wright two days after that, on June 8, 2019. *See* Gov't's Resp. at 2-3.

The Government expects to call six witnesses at trial who will testify regarding the victims' statements: police officer Galen Irvin; paramedic Nathan Williams; AEMT Wesley Durham; emergency responder Christopher Cloud; emergency responder Joseph Brunk; and the victims' neighbor Kevin Lee Locust. *See id.* at 3-5. Each of these witnesses would testify as to statements made by Ms. Hernandez and/or Ms. Wright "within one hour of having been set on fire." *Id.* at 5.

The Court previously ruled that admission of the women's statements is not barred by the rule against hearsay because the statements are subject to the excited-utterance and dying declaration exceptions prescribed by Rules 803(2) and 804(b)(2) of the Federal Rules of Evidence. *See* Order of Nov. 12, 2021 (Doc. No. 78).

II.   *Defendant's Motion*

Defendant now seeks to preclude testimony regarding statements given by Ms. Hernandez as to why Defendant had set them afire.[1] Specifically, Defendant points to reports of two statements by Ms. Hernandez:

---

[1] In his Motion, Defendant requested broader relief, seeking to exclude testimony regarding statements by both Ms. Hernandez and Ms. Wright on Defendant's motive. That relief was premised on a lack of clarity as to whether Ms. Wright (and not just Ms. Hernandez) had stated a motive for Defendant to set the two women on fire. At the hearing, the Government

- Officer Irvin states in his written report: "I asked Mrs. Hernandez why [Defendant] did this and she told me that it was because she had just gotten full custody of Mr. Hernandez's daughter and he was mad about it."  Irvin Report (Doc. No. 48-1) at 1.

- Either Officer Irvin or an emergency responder reported that Ms. Hernandez stated Defendant set the women on fire: "because she told him that he couldn't smoke his drugs in the house."  Def.'s Mot. at 2.[2]

Defendant argues that these statements constitute improper speculation as to Defendant's motivation and, given the lack of any evidence as to the victims' personal knowledge, such testimony is barred by Rule 701(a) of the Federal Rules of Evidence

Rule 701(a) requires that lay opinion testimony be "rationally based on the witness's perception."  Fed. R. Evid. 701(a); *see also id.* R. 701(a) advisory committee's note (1972) (stating that the Rule incorporates the requirement of "first-hand knowledge or observation").  "The perception requirement stems from Rule 602 of the Federal Rules of Evidence[,] which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." *Magoffe v. JLG Indus., Inc.*, 375 F. App'x 848, 859 (10th Cir. 2010) (alteration and internal quotation marks omitted); *see* Fed. R. Evid. 602 ("Need for Personal Knowledge").

Both parties confirmed at the hearing that the statements by Ms. Hernandez regarding Defendant's motive were unaccompanied by any description of things she had

---

represented and the Defendant agreed that the subject statements were made by Ms. Hernandez only.  As confirmed at the hearing, Defendant does not challenge the admissibility of Ms. Wright's statements that "she did not know why" Defendant had set the women on fire.  *See* Irvin Report at 1.  Accordingly, the Court confines its analysis to the statements of Ms. Hernandez regarding Defendant's motive.

[2] Although Defendant's Motion states that this statement was made to Officer Irvin, at the hearing defense counsel indicated that it was made to an EMT.  Neither party supplied the relevant record for the Court's review.

seen Defendant say or do that led her to the views expressed.  The Government points to some corroborating factors regarding one of the statements, but it does not dispute that it is unable to provide any additional support to establish Ms. Hernandez's "first-hand knowledge" of Defendant's motivation.  *See* Gov't's Resp. at 2.  Nor does the Government offer any authority for permitting introduction of such statements in these circumstances.

The Court therefore finds Defendant's objection to be well founded.  *See Magoffe*, 375 F. App'x at 859; *Smith v. BNSF Ry. Co.*, No. CIV-08-1203-D, 2011 WL 4346341, at *7 (W.D. Okla. Sept. 15, 2011) ("[A] lay witness's opinion testimony [that] constitutes speculation as to what might have been done or what might have occurred is not based on his first-hand perception of actual events, and thus does not satisfy the requirements of Fed.R.Evid. 701." (internal quotation marks omitted)).

## CONCLUSION

For the above-cited reasons, Defendant's Motion in Limine Regarding Speculation as to Motive (Doc. No. 64) is GRANTED to the following extent.  While the Court will allow testimony and evidence regarding statements given by Ms. Hernandez and Ms. Wright in the immediate aftermath of their injuries, including that it was Defendant who set them afire, the parties may not refer to or present testimony or evidence referring to Ms. Hernandez's beliefs as to Defendant's motive in doing so.

IT IS SO ORDERED this 15th day of November, 2021.

CHARLES B. GOODWIN
United States District Judge