**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff/Respondent,**<br><br>**v.**<br><br>**JOSEPH ALLEN HERNANDEZ,**<br><br>**Defendant/Petitioner.** | **Case No. 21-CR-096-JFH**<br>**Case No. 25-CV-331-JFH** |

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Joseph Allen Hernandez's ("Defendant") Motion for Relief under 28 U.S.C. § 2255 [Dkt. No. 125] and the United States of America's ("Government") Motion to Dismiss [Dkt. No. 132]. For the following reasons, the Government's Motion to Dismiss is GRANTED, and Defendant's § 2255 Motion is DISMISSED.

## BACKGROUND

On November 19, 2021, a jury in the United States District Court for the Eastern District of Oklahoma found Defendant guilty of two counts of second-degree murder and one count of arson. Dkt. No. 100. On March 29, 2023, the Honorable Charles B. Goodwin sentenced Defendant to life imprisonment for both second-degree murder convictions and 240 months on his arson conviction, all to be served concurrently. Dkt. No. 106 at 2. Defendant appealed several of Judge Goodwin's evidentiary rulings to the Tenth Circuit. *See* Dkt. No. 108. However, the Tenth Circuit affirmed Judge Goodwin's rulings on June 7, 2024. *See United States v. Hernandez*, 104 F.4th 755 (10th Cir. 2024). Defendant did not appeal the Tenth Circuit's decision to the United States Supreme Court. Instead, Defendant moved for relief under 28 U.S.C. § 2255. Dkt. No. 125. The Government moved to dismiss that § 2255 Motion as untimely. Dkt. No. 132.

**ANALYSIS**

Under 28 U.S.C. § 2255(f)(1), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. 28 U.S.C. § 2255(f). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). A petitioner seeking Supreme Court review of a judgment entered by a United States court of appeals must file his petition for writ of certiorari "within ninety days after entry of the [appellate court's] judgment." Sup. Ct. R. 13.1, 13.3. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . and not from the issuance date of the mandate." Sup. Ct. R. 13.3.

Accordingly, Defendant's judgment of conviction became final on September 5, 2024. That means he had to file his § 2255 Motion by September 5, 2025. However, the envelope containing his § 2255 Motion suggests that his Motion was mailed to the Court on September 10, 2025. Dkt. No. 125-1. The Court Clerk's Office received that envelope containing his § 2255 Motion on September 15, 2025. Dkt. No. 125. So, unless Defendant satisfies the prison mailbox rule, his § 2255 Motion must be dismissed as procedurally barred.

The prison mailbox rule provides that a prisoner's § 2255 motion is timely if he delivers his motion to prison officials for mailing on or before the last day for filing, regardless of when the court receives the motion. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir.2005); *United States v. Gray*, 182 F.3d 762, 765 n. 4 (10th Cir. 1999) (applying the prison mailbox rule to motions filed under 28 U.S.C. § 2255). But, "[i]n order to benefit from the so-called 'prisoner mailbox rule,' [courts] have required strict compliance with its provisions.' " *Akinmade v. Holder*,

573 F. App'x 817, 819 (10th Cir. 2014) (quoting *Price*, 420 F.3d at 1166). Prisoners have two ways to comply with this rule. First, a prisoner can "alleg[e] and prov[e] that he . . . made timely use of the prison's legal mail system" so long as "a satisfactory system is available." *Price*, 420 F.3d at 1166. Second, "if a legal system is not available," then he may "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [motion's] date of deposit with prison officials and attest that first-class postage was pre-paid." *Id.* (quotations and citations omitted).

Defendant does not comply with either option. Neither his § 2255 Motion nor his Motion for Appointment of Counsel state that he used the prison's legal mail system, when he used that system, or any other facts that would assist the Court in determining whether his § 2255 Motion is timely. In fact, the § 2255 form expressly invited him to declare when he placed his § 2255 Motion in the prison mailing system, but he chose to leave that section blank. Dkt. No. 125 at 12. Simply put, Defendant fails to provide the Court with any basis for finding that he timely mailed his § 2255 Motion. Accordingly, his § 2255 Motion is procedurally barred.

Finally, a criminal defendant cannot appeal a final order in a § 2255 proceeding unless he obtains a certificate of appealability. When a district court dismisses the matter on procedural grounds, the defendant must demonstrate that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasoned jurists would not debate whether Defendant's § 2255 Motion states a valid constitutional claim nor whether the Court's procedural rulings were correct. Consequently, the Court declines to issue a certificate of appealability.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's Motion to Dismiss [Dkt. No. 132] is GRANTED, and Defendant's § 2255 Motion [Dkt. No. 125] is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and that Defendant's Motion for Appointment of Counsel [Dkt. No. 126] is DENIED as moot.

Dated this 30th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE